(114 So. 414)

## SUTTERER v. LASSETTER. (6 Div. 968.)

Supreme Court of Alabama.    Nov. 10, 1927.

**1. Sales ⬅52(3)—In action against landowner for building materials, exclusion of contract between defendant and building contractor held not reversible error.**

In action against landowner for building materials used on land, in which issue of fact was whether material was sold to defendant or contractor, exclusion of contract between owner and contractor, in which owner reserved right to pay for materials used if found correct by contractor, *held* not reversible error.

**2. Trial ⬅235(1)—Instructing jury weighing testimony that they might put themselves in position of parties as far as ascertainable held proper.**

In action against landowner for material used on land, in which issue was whether defendant or contractor purchased material, instructing jury that in weighing testimony they might put themselves in position of parties so far as ascertainable was proper.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action on account by W. O. Lassetter against J. E. Sutterer. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

F. E. St. John, of Cullman, for appellant.

It was permissible for defendant to introduce in evidence the contract between himself and the contractor, as tending to show that he did not purchase the materials for which plaintiff sues, but that same were furnished by the contractor. Cranford Mer. Co. v. Wells, 195 Ala. 251, 70 So. 666; Park-Robertson v. Copeland, 11 Ala. App. 447, 66 So. 880. The statute afforded plaintiff ample remedy by giving notice to defendant. Code 1923, §§ 8832–8862.

A. A. Griffith, of Cullman, for appellee.

Under the facts of this case, there being nothing in defendant's hands due to the contractor, notice under the statute to defendant was not necessary. Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660; Wahouma Drug Co. v. Kirkpatrick, 187 Ala. 318, 65 So. 825. The contract between defendant and his contractor was wholly immaterial. It was res inter alios acta as to plaintiff. Guarenire v. Bessemer Lbr. Co., 214 Ala. 8, 106 So. 49.

BOULDIN, J. [1] The suit is upon account for building materials sold by plaintiff to defendant. The issue of fact was whether the material was sold to the defendant, the owner of the building in whose construction the material was used, or to the contractor.

Plaintiff testified that the owner and builder came together to his place of business to contract for material for building a residence for defendant; that defendant said: "I am paying for all material and labor," and the builder said: "I am doing the work"; that thereupon the material was sold to defendant and charged to his account. Other corroborative evidence was to the effect that defendant inspected the material as delivered, took oversight of the millwork, speaking of it as the material he had bought, etc.

Defendant's testimony was a direct denial of that of plaintiff, a denial that he went to plaintiff's place of business, engaged in the purchase, or made the statements attributed to him.

The defendant offered a written contract between himself and the builder, wherein the contractor agreed to furnish all labor and materials, make a complete lock and key job, for a stipulated gross price.

The trial court sustained objection of plaintiff to this contract as evidence. This ruling presents the sole question for review on this appeal.

It is conceded, as of course, that plaintiff was in no way bound by this contract between owner and contractor. The inquiry is: Was it relevant as a circumstance proper for the consideration of the jury in weighing the conflicting testimony as to the main fact?

"Logic is the controlling force in the modern law of evidence. An offer by a party to prove a fact in evidence involves an assertion by him that such a relation exists, in reason, as a matter of logic, between the fact offered and a fact in issue that the existence of the former renders probable or improbable the existence of the latter, and the relation thus asserted is termed relevancy. It is therefore a basic rule of evidence that whatever facts are logically relevant are legally admissible." 22 C. J., p. 158, § 89.

[2] If the owner and contractor had the contractual relation above stated, we think it logically follows in reason that there was less probability they would state an inconsistent relation in dealing with the materialman, whereby the owner would incur greater liability to the materialman than his contract contemplated. The trial court properly instructed the jury that in weighing the testimony they might put themselves in the position of the parties so far as ascertainable. In so doing, it was fitting that the position or relations of the parties at the time should be given in evidence.

If the contract offered showed no more than the relation relied upon by appellant and above outlined, it should have been admitted with proper instructions as to its purpose. But the contract also contains this clause:

"J. E. Sutterer (owner) reserves the right to pay for materials used in said building if found correct by John Akers (contractor), and said

amount paid shall be deducted·from the princi-. pal amount of the agreement."

In view of this reserved right of the owner to pay for materials subject to the O. K. of the contractor as to amount, the going of both to the materialman to select and price the material, and the'agreement of the owner to become paymaster, as he had reserved the right tó do, does not appear so inconsistent with the contractual relation as to render improbable the plaintiff's version of the agreement at the time material was purchased.

We conclude the contract as a whole sheds no such substantial light on the transaction in issue as to render its exclusion error to reverse.

Affirmed.

ANDERSON, O. J., and SAYRE and GARDNER, JJ., concur.